The only question arising out of the record and assignment of errors in this cause is, whether, if a judgment be recovered against an administrator upon a debt of the intestate and the plea ofplene *Page 300 administravit be found in favor of the administrator, and twoscire facias be run against the heirs of the intestate on said judgment generally without naming them and returned nihil, can execution be awarded against the heirs on said judgment so as to affect their right to property descended to them from their ancestor. For the plaintiff in error it is contended that a scire facias may be issued against persons by the general description of heirs, terretenants, c., and that the return of two nihils would amount to a service; and in support of this position the ease in 2 Band. 6, is relied upon. Upon the other hand, for the defendants in error, it is contended that a scire facias against heirs without naming them by their proper names is void, unless the sheriff returns scire feci, and names the heirs in his return, That the return of two nihils in a case of this description would not amount to a service; and, in support of this position, Cooke 360, and Tidd's Pr. 1037 are relied upon.
The Court do not think it necessary to determine upon this occasion, what the practice is upon this subject, as relates to judgments obtained against the ancestor, or recognizances by him entered into, affecting his real estate, as regulated by the common law, as this question will be determined upon another point. However, it is worthy of remark, that the cases as cited from the bar are not analogous to the present. In those cases the judgment had been obtained against the ancestor, and recognizances, which are judicial acts, by him confessed, both of which were liens on his lands; and there is also a privity between the heir and ancestor; whereas a debt of the ancestor is no legal lien on his lands; nor is there any privity in law between the administrator and the heir. These circumstances may deserve consideration whenever it is necessary to determine this point.
The Court are of opinion with the defendants' counsel that this question is to be settled by the Act of *Page 301 
1784, c. 11. This act is in derogation of the common law, and an abridgment of the rights of heirs, and therefore should receive a strict construction. The proceedings against heirs as pointed out by this act is entirely a creature of the statute.
By the first section it is provided that "in all suits of law, where the executors or administrators of any deceased person shall plead fully administered, no assets, or not sufficient assets to satisfy the plaintiffs demand, and such plea shall be found in favor of the defendant, the plaintiff may proceed to ascertain his demand and sign judgment; but before taking out execution against the real estate of the deceased debtor, a writ or writs of scire facias shall and may issue, summoning the respective heirs and devisees of such deceased debtor for the purpose of showing cause why execution should not issue against the real estate for the amount of such judgment, and if judgment shall be given against the heirs or devisees or any of them, execution shall and may issue against the real estate of such deceased debtor in the hands of such heirs or devisees against whom judgment shall be given as aforesaid." The second section provides that in case of the minority of the heir or heirs, the sci. fa.
shall be served on the guardian if he has one, if not, the Court will appoint one for him for the purpose of defending the suit.
The third section prescribes the manner of executing the sci. fa.,
and provides that when any heir or heirs live without the limits of the State so that writs of sci. fa. can not be served on them and shall have no guardians on which the same can be executed, it shall be the duty of the sheriff to return the fact to be so; and another sci. fa. shall issue, on which the same return shall be made, if the parties still continue to reside without the limits of the State, on which second return and likewise on every second return, that the party or parties have been summoned and no appearance shall be made on such *Page 302 
summons, judgment shall be given against the real estate in the hands of such heirs or devisees. It is evident that the Legislature, in extending this extraordinary remedy in favor of creditors, have required of them an extraordinary execution of service of the writ of scirefacias. They have not thought proper, after granting to the creditor the scire facias against the heirs, to stop and leave the service of the writ to be regulated by the common rules, relative to writs of scire facias. But they have required, and properly enough too, more to be done in a case of this description. The whole tenor of said act recognizes the idea of personal service in case the heirs live within the State; and the only individual case in which this kind of service is dispensed with, is where the heir lives out of the Limits of the State, and the reason assigned by the act for recurring to the mode of service here pointed out, is, that the writs of scire facias can not be served upon them, and requiring the sheriff to return the truth of such non-residence to the Court, whereupon an alias scire facias shall issue which shall be returned, not nihil, but in the same way the first is required to be returned, provided the heir or heirs continue to reside out of the limits of the State. These two returns will amount to a service, and authorize the creditor to obtain a judgment against said heirs and have an award of execution against their lands. Except for this provision, the act would, in many cases, have been rendered inoperative. For if the heirs live without the limits of the State there could be no personal service of the process; but in all cases where they lived within the State, process might run against them and be personally served upon them. And so cautious were the Legislature in rejecting any other than personal service, that they require to be notified of the non-residence of the heirs, by the return of the sheriff as often as twice, before this kind of proceeding should be substituted in lieu of personal service. No other *Page 303 
mode of service except this and personal service is recognized by the act, and it is not for the Court to extend the provisions of an act made in abridgment of the rights of heirs, who may be minors, further than the Legislature have done, or to extend the construction of any act so as to affect the rights of others without notice.
It is objected by the counsel for the plaintiffs in error that the act only requires the sheriff to return the fact of non-residence of the heirs when that fact is true; and that inasmuch as it appears from the record that the heirs in this case lived in the county of Sumner, the sheriff of Williamson county, in whose hands the sci. fa was put, could make no other return than nihil. That he could not go to The county of Sumner to serve the process; and that where the heirs live in the State, and no process is served personally upon them, the act has made no provision; and according to the usual practice on sci. fa. the return of two nihils will amount to a service. Here, the Court think it sufficient to remark that as the act has prescribed the mode of service which is to stand in the place of a writ at common law, no other service than that which is thus prescribed as admissible; and we do not think it correct to say where any act prescribes the mode of notice in a new case different from what is prescribed by the common law of notice, that the common-law mode of notice may be resorted to also for the purpose of carrying into operation the provisions made in derogation of that common law, according to the maxim expressio unius est exclusioaltcrius. But it is objected that if this construction be put upon the act, it will put it in the power of heirs to defeat their creditors of their just rights by concealing their names and place of residence. If this act had never been passed what would have been the situation of the creditor? He must have found the heirs or some of them before he could have affected the lands *Page 304 
of the ancestor descended to heirs. Does this construction then put him in a worse situation than that in which he was before placed? It in many cases may facilitate the recovery of his debt, but it is no good argument that because the act has not provided against every possible imaginary case, therefore the construction is wrong; or, that the Court by construction must provide for them; moreover, a contrary construction might be productive of much mischief, as the heir is certainly interested in contesting the plea of plene administravit with the administrator, which might be joined by collusion between the administrator and creditor, and might also be entitled, under the laws of the country, to defend himself and his property descended under the statute of limitations, whereas, by saying that the return of twonihils should amount to a service, you would put it in the power of the creditor or supposed creditor and administrator, if they were disposed to do so, to cheat the heirs out of their land, and do it all according to law. The Court are not disposed to open so wide a door to the commission of frauds by putting such a construction upon this law as would place the interest of heirs at the mercy of administrators.
But it is contended by the plaintiff's counsel that before the passage of the law in question, upon a judgment against an administrator, the lands of the intestate might be sold, and a statute passed in the reign of George II. has been referred to without being produced, and also an act passed in 1794 by the legislative authority when this State was a territory in c. 1, sec. 23, which says that all process heretofore issued against goods, chattels, lands, and tenements shall in future issue in the same manner. We do not think that either the Act of George II., or 1794, c. 1, sec. 23, would authorize the sale of lands belonging to the ancestor, which had descended to the heir by virtue of a judgment against the *Page 305 
administrator. They only provide that if there are no goods and chattels belonging to a person against whom a judgment is obtained that the lands shall be liable; but the goods and chattels, if there are any, shall be first exhausted. This only applies to a debtor against whom judgment has been obtained, and not to an heir when the judgment is against the administrator.
It is contended by the defendants in error that a scire facias
against heirs, under the statute, must name them or it is void. The Court are of opinion that if a scire facias be issued against heirs under the before mentioned Act of Assembly, it must either name the heirs, or the sheriff must serve the process personally upon them, and make known their names in his return. That a return that they lived out of the State would be insufficient, and that any award of execution against their lands would be void unless the Act of Assembly, as before explained, be complied with. The Court are, therefore, of opinion, that there is no error in the judgment of the Circuit Court, and direct that the same be affirmed.