State *v.* Johnson.

McFARLAND, J.

STATE *v.* JOHNSON.

CRIMINAL LAW. *Scire facias. What it must contain.* A *scire facias* on a forfeited recognizance is defective where it fails to set out the bond or recognizance, or so much thereof as shows the undertaking and nature of the liability incurred by the party against whom a judgment is sought.

Cases cited: Williams *v.* Walton, 8 Yer., 391; State *v.* Dillon, 3 Hay., 173; Fults v. State, 2 Sneed, 233.

Code cited: Sec. 5155.

FROM ————.

From the Circuit Court at ————.

No record found.

FREEMAN, J., delivered the opinion of the Court.

State *v.* Johnson.

This is a *scire facias* on a forfeited recognizance, and recites "that the defendant Lewis Ballard, having been solemnly called to come into court, as he was this day bound to do, to answer the State of Tennessee on an indictment for larceny here pending against him, according to the tenor of his recognizance entered into in this court at last term, came not, but made default; and the said Andrew Johnson, having been solemnly called to come into court, as he was this day bound to do, and bring with him the body of Lewis Ballard to answer said charge, comes not, but makes default." Then follows a judgment that the said Andrew Johnson do forfeit and pay to the State of Tennessee the sum of five hundred dollars, according to the tenor and effect of his recognizance entered into in this court at last term.

Johnson filed a demurrer to this *sci. fa.*, presenting three grounds for said demurrer.

1st. That it does not aver or show any legal obligation on the part of the defendant to do what he is shown to have been called to do, and for the alleged failure to do which the conditional judgment is rendered against him.

2d. It shows no judgment against Ballard, the principal.

3d. That it shows a separate judgment against defendant, when, if there was any legal obligation it was joint with his principal Ballard.

The *scire facias* is a judicial writ, founded on some matter of record, and when founded on a recognizance it is in the nature of a declaration: 8 Yer., 371. It

should, therefore, set out sufficient facts as will show to the court the liability of the defendant: 3 Hay., 173; and the court on demurrer can only look to the face of the writ to test its sufficiency: 2 Sneed, 232. It seems to have been the settled practice, as required by the adjudications of this court, that the bond or recognizance should be set forth in the writ, or so much thereof as shows the undertaking and nature of the liability incurred by the party against whom a judgment is sought.

In the case before us, no recognizance or bond is set forth, but only a statement that Ballard had been called and failed to appear, according to the tenor and effect of his recognizance entered into in this court at last term, and then, that the defendant in this case, being solemnly called to come into court, as he was bound to do, and bring with him the body of Lewis Ballard, to answer said charge, came not, but makes default, and this statement is made the basis of the judgment rendered. No bond or recognizance of record is set out so that the court can see that the liability adjudged has been incurred by its terms. In a word, admitting all the facts stated and shown, nothing is shown as being of record in the court on the face of the writ, from which the liability of defendant arises. Unless we overrule all our decisions on the question of requisites of a *sci. fa.*, this writ is not good.

It is insisted, however, that sec. 5155 meets the principle of former decisions by providing that no defense to any action on *scire facias* shall be good in

cases of this kind, unless it would be a legal defense to a suit at common law on the same. In a declaration, however, on a bond at common law for the appearance of a party in court, we take it that if the declaration failed to show that the party had made the bond and the terms of his obligation so that on its face the court could see that it had been broken, on demurrer it would be held bad.

While we would not favor straining the law that criminals may escape, we have no power on the other hand to strain the law against bail that such bail may be held liable, but must take it as we find it.

We, therefore, hold that the Circuit Court sustained the demurrer properly, and affirm his judgment.

In this case the court afterwards ordered the case to be remanded for an amended *sci. fa.*