## STATE *v.* SIBLEY et al.

1. COSTS. *State Tax.* Where a defendant has worked out a fine and costs in the County workhouse, in default of cash payment thereof and State tax is included therein, the County is liable to pay the State tax received, to theState.

2. SAME. *Forfeiture.* Where a forfeiture upon a bail bond is set aside upon payment of costs, State tax is not to be included, as such proceedings are only incidental to the original suit.

3. SAME. *State and County Tax. Fine for non attendance of a Juror.* For same reason State and County tax should not be charged where a fine was imposed for the non-attendance as a juror.

4. SAME. *Same. In case of contempt.* In case of contempt the defendant should not be adjudged to pay State and County tax.

5. SAME. *Same. Forfeiture against witness.* Where forfeiture is taken against a witness, which is afterward set aside upon payment of costs, it is error to include State and County tax in the bill of costs.

6. SAME. *Same.* Where an execution for costs is returned *nulla bona* and a judgment against the State for the same has been paid, the defendant cannot be made to work out such costs, the remedy is by execution.

7. SAME. *County liable to State. When.* The County is liable to repay the State out of money received from the wages of the convict.

---

FROM SHELBY.

---

Appeal in error from the Criminal Court of Shelby County. L. B. HORRIGAN, J.

State *v.* Sibley.

Attorney-General LEA for the State.

CARROLL & TAYLOR for Defendants.

FREEMAN, J., delivered the opinion of the Court.

The above cases involve the correctness of adjudications of costs against the County of Shelby, and several individuals.

We proceed to dispose of them in their order.

Sibley's case presents the question, whether the County of Shelby is bound for the State tax on litigation, and what amount on the following facts:

Defendant was convicted on indictment for an assault and battery, sentenced to fine and payment of costs, and in event of failure to pay, to hard work in the County work-house, until fine and costs are paid in money or labor, as the law directs in such cases. The County of Shelby has, by contract, leased out the service of convicts, at the rate of ten cents per day. The convict, however, receives a credit on his indebtedness at the rate of twenty-five cents per day. The State tax on litigation of five dollars was regularly taxed in this case. The defendant has worked out the amount against him, according to law.

The Circuit Judge adjudged the County bound to pay the amount individually received by the County under the lease, to wit: the sum of $200.

The State and County both appeal.

If the costs were collected in money, unquestionably the State would receive it. The State, where it is not done, substitutes labor in the work-

house, crediting the party himself at twenty-five cents per day for this labor, but under a contract of lease, the legality of which does not seem to be contested by the Attorney-General, receives in fact, but ten cents per day. This sum, however, is money received in discharge of the costs, of which the State tax is part. We think the State is entitled to have it paid over into the State Treasury, otherwise it becomes a source of County revenue, which was not intended.

The case of *State* v. *Hallihan* was ‘ is: He had been held to bail, to answer an indictment against him. Failing to appear a forfeiture was taken on the bond, on which *scire facias* issued. Defendant afterwards entered his appearance in Court, and for good cause shown, the forfeiture was set aside on payment of costs, which costs were adjudged against him and sureties.

The Court adjudged payment of State and County tax on litigation due, from which there is an appeal.

The Statutes on this subject are substantially as follows: Code, sec. 557, required the payment by the unsuccessful party in every litigation in our courts, and the party taxed with costs in cases of indictment or presentment, to pay a specific tax on litigation. By the Act of 1870, Code, T. & S. Ed., sub-secs. 10 to 23 inclusive, this tax is fixed and specified as follows:

19. On each original suit in any court of law or equity in this State, five dollars.

State *v.* Sibley.

20. On each petition for division and distribution of estates, five dollars. The same on each appeal, writ of error from the Circuit or Chancery Court to the Supreme Court. On appeals or *certiorari* to the Circuit Court, and lastly on each presentment or indictment, three dollars and fifty cents. By the Act of 1873 the tax on indictments and presentments was increased to five dollars.

The Legislature has chosen to specify the particular kinds of litigations on which the tax shall be paid The enumeration of these particulars, serves to guide us as to what was meant by sub-section 19, fixing the tax on each original suit in any of the courts of law and equity, in the State. It is suits between parties litigant in civil suits to enforce matters of personal contention between them. The other cases mentioned otherwise would be included under this section, for they are all original suits, but of a peculiar character except the *certiorari* in the stead of an appeal. We therefore conclude the case of a forfeiture on bail bond, on incidental proceeding to enforce the appearance of a party to answer to the indictment or presentment, is not included, nor subject to State and County tax, otherwise there would be two taxations for the same litigation, that is on the original proceeding, and then on the incidental one. We do not think such a construction should be given the provisions cited, unless it should be plainly expressed, as it is not.

Judgment reversed.

*State* v. *Dennison*: Defendant was fined by the Court for non attendance as a juror, and adjudged to pay the costs. The Court adjudged him liable to pay the State and County tax.

Under the above view, we do not think him so liable, and the judgment is reversed.

W. O'Berst was the case of a fine imposed for contempt of court, when the Judge below taxed the defendant with the State and County tax.

We think this was error, and the same is reversed.

*State* v. *Jim Shields,* was a forfeiture taken against him and sureties for failing to appear as a witness in a criminal case, we suppose, a *sci. fa.* was issued and the forfeiture set aside on appearance, the party adjudged to pay the costs.

The Court adjudged a State and County tax in this case, which was error, and the same is reversed.

*State* v. *Rufus Williams,* is a motion to require the County to turn over to the State the wages of the convict, he having been convicted of petty larceny, and sentenced by the jury to imprisonment in the Penitentiary, but for satisfactory reasons the Court commuted the punishment to labor in the work-house for six months, the costs being adjudged against him. An execution was issued on the judgment and returned *nulla bona.* A judgment over against the State has been rendered for the costs on this return, and they ' have been paid.

The Court held, in such a case, the convict could not be made to work out the costs in the work-house, and the only remedy was by execution.

The Court adjudged, however, the County liable to repay the State out of money received from the wages of the convict, at the rate at which the convict was paid for by the lessees. We take this to be the meaning of the judgment, and assuming this, we think it correctly ruled by his Honor, and affirm his judgment·