INDEMNITY INSURANCE COMPANY
OF NORTH AMERICA, Plaintiff,

and

Delta Surety, Inc.,
Plaintiff-Intervenor-Appellant,

v.

J.A. BLACKWELL, Clerk of the Criminal
Court for Shelby County, and John C.
Neff, Commissioner of Insurance, State
of Tennessee, Defendants-Appellees.

Court of Appeals of Tennessee,
Middle Section, at Nashville.

March 31, 1983.

Application for Permission to Appeal
Denied by Supreme Court
June 20, 1983.

Charles R. Ray, Barrett & Ray, P.C., Nashville, for plaintiff-intervenor-appellant.

William M. Leech, Jr., Atty. Gen. and Reporter, Kate Eyler, Asst. Atty. Gen., Nashville, for defendants-appellees.

## OPINION

LEWIS, Judge.

This lawsuit was brought in the Chancery Court for Davidson County by the Indemnity Insurance Company of North America (IINA) to declare void sixty-one final bail bond forfeitures taken in the Criminal Courts of Shelby County, Tennessee, and to enjoin the Commissioner of Insurance, John C. Neff (Commissioner) from conducting hearings aimed at revoking IINA's power to do business in Tennessee for failure to pay the judgments on the final bail bond forfeitures.

Subsequent to an evidentiary hearing the Chancellor entered an order in which judgment in seven of the cases was held to be "valid and enforceable" and the judgments entered in the "remaining fifty-four (54) cases are invalid and unenforceable." The order further recited that "[t]he ... bail bonds made in the said fifty-four (54) cases remain in effect and, upon proper notice, plaintiff will have 180 days to secure the criminal defendants' appearance in court before final judgments can be entered; ...."

Delta Surety, Inc. (Delta Surety) was permitted to intervene post-trial "for the sole and limited purpose of pursuing an appeal of the final judgment rendered in this cause." Intervention was allowed because IINA did not wish to pursue an appeal and Delta Surety "is the ultimate indemnitor on all bail bonds which are the subject of this litigation." Delta Surety assumes the role of IINA "and may raise those issues which IINA could have presented had IINA chosen to appeal from the Trial Court's judgment."

The pertinent facts are as follows:

The subject bail bonds were written by various bondsmen working for the Jefferson Bonding Company (Jefferson) and Delta Bonding Company (Delta Bonding) to gain the release of incarcerated principals between 1977 and 1979. Originally these bonds were written upon the Stuyvesant Insurance Company (Stuyvesant) but at some point Stuyvesant, through a change of its corporate existence, became IINA.

As the judicial process ran its course, the defendants released from custody on the strength of these bonds did not appear in court on the dates required. The Criminal Court Judges of Shelby County entered conditional forfeitures of the bonds. Against whom these forfeitures were entered, e.g., Delta Bonding or Stuyvesant, the record does not show.

Subsequently, the Clerk of the Criminal Court for Shelby County, J.A. Blackwell (Clerk) issued writs of scire facias upon the conditional forfeitures, or judgments nisi. These writs were to notify IINA as surety that a hearing would be held on a date certain to make these conditional forfeitures final unless the surety could show cause why it should be exonerated. The Clerk had for some time followed a specific procedure in the issuance and service of the writs. This procedure included the service of the writs on the employees of the local bonding companies. No objection was made by IINA or Stuyvesant to this method of service until the instant suit was filed.

Of the sixty-one writs herein challenged, fifty-three issued against Jefferson and Delta Bonding and did not recite the name of the surety, either IINA or Stuyvesant. Six reflect the name of Stuyvesant as the principal of its agents Jefferson and Delta Bonding. One writ is not in evidence; and one has been dropped from the suit. Fur-

thermore, the writs were all served on agents of the local companies, Jefferson and Delta Bonding, and not on the surety through the Commissioner pursuant to T.C.A. § 56–2–504.

The hearings were held and the judgments *nisi* on the sixty-one bail bonds were finalized. The record does not reveal against whom the final judgments were taken.

On appeal, Delta Surety contends that all the writs were improperly served upon various bondsmen and other employees of Jefferson and Delta Bonding and not upon IINA through the Commissioner and that all writs failed to state properly the name of the surety. Delta Surety also insists that the writs cannot reissue because T.C.A. § 40–11–139 imposes a 180 day statute of limitations. The Clerk argues that all writs gave proper notice and were correctly served upon the local agents of IINA.

To resolve this case, we must examine the nature of the principal-surety relationship in the bail bond context. This relationship is governed in relevant part by "The Release From Custody and Bail Reform Act of 1978," T.C.A. §§ 40–11–101 *et seq.,* and the common law of Tennessee.

### BAIL BOND AND ITS FORFEITURE

A "bail bond" is an "undertaking by the surety, into whose custody defendant is placed, that he will produce defendant in court at a stated time and place." 8 C.J.S. *Bail* § 1 (1962). The defendant or principal is released from the custody of the law and placed in the custody of the surety. To ensure the diligence and attentiveness of the surety to its principal's timely appearance in court, the surety posts some manner of bond or security.

Upon the non-appearance of the defendant, that bond is conditionally forfeited. T.C.A. § 40–11–201. Since the surety is bound to produce its principal to fulfill its obligations as surety, a judgment *nisi* is immediately obtained against the surety in the amount of the bond. "[T]o notify the defendant and his sureties to show cause why such judgment shall not be made fi-nal," a writ of *scire facias* issues to set a date for a hearing on final forfeiture. T.C.A. § 40–11–202. *See* T.C.A. § 40–11–139.

■ The common law writ of *scire facias* has, to some extent, been modified by T.C.A. §§ 29–32–101 to 29–32–109. The statute provides in part for the written form of the writ, T.C.A. § 29–32–108, and for modes of service, T.C.A. §§ 29–32–106 and 29–32–107. However, our legislature has not completely abrogated the common law pertaining to the writ of *scire facias.* Under Tennessee case law, the writ does not initiate a new lawsuit in the bail bond context, *State v. Sibley,* 72 Tenn. 738 (1880); *State ex rel. Complainant v. Gann,* 164 Tenn. 601, 51 S.W.2d 490 (1932), but merely gives notice of an incidental proceeding in an extant case. *State v. Frankgos,* 114 Tenn. 76, 85 S.W. 79 (1905); *Goldsby v. State,* 159 Tenn. 396, 19 S.W.2d 241 (1929). Thus, by entering into the bail bond agreement and assuming custody of its principal, the surety submits itself to the *in personam* jurisdiction of the court and a new lawsuit is begun.

■ Other cases have held that the writ must bear the name of the party against whom recovery is sought. *Roberts v. Busby,* 4 Tenn. 299 (1817); *Williams v. Seawell and Jones' Lessee,* 9 Tenn. 83 (1825). Finally, although no case specifically so holds, the law allows reissuance of a defective *scire facias. See State v. Patterson,* 66 Tenn. 246 (1874); *State v. Johnson,* 65 Tenn. 198 (1873).

The final forfeiture hearing itself is governed by T.C.A. § 40–11–139 and is required by that statute, as well as by *Wallace v. State,* 193 Tenn. 182, 245 S.W.2d 192 (1952). The surety may seek exoneration at the final hearing and after the final hearing until a final judgment against it is actually paid. *See* T.C.A. §§ 40–11–139 and 40–11–203.

■ This process is a civil one but it is, nevertheless, appealed from the trial court to the Court of Criminal Appeals. *Colum-*

*bia Bonding Co. v. State*, 225 Tenn. 719, 476 S.W.2d 633 (1972). The Tennessee Rules of Civil Procedure apply to bail bond forfeitures just as they would in any other civil action before a circuit court. Tenn.R.Civ.P. 1.

■ First, we hold that a writ of *scire facias* that does not reflect the name of the party to be charged with the final judgment does not provide notice to that party of the final hearing. Although we rely on *Roberts v. Busby, supra,* and *Williams v. Seawell and Jones' Lessee, supra,* this conclusion is also supported by fundamental procedural due process and the law of the land. See U.S. Const. Amend. XIV; and Tenn.Const. Art. I, § 8.

■ Second, we hold that service of the writs of *scire facias* upon employees of local bonding companies is constitutionally adequate and statutorily permissible. This holding rests, in part, on the nature of the writ as a "motion" in an existing suit.

It is required by statute that notice of a final hearing to a surety be given by writ of *scire facias.* T.C.A. §§ 40–11–139, 40–11–202. There are two methods for serving the writs. T.C.A. §§ 29–32–106 and 29–32–107. One method is for the sheriff or a deputy to read or offer to read the writ to "the person on whom it is to be executed." The other is an equivalent service upon the return of two *nihils.*

■ The Commissioner is appointed the attorney for service of process for all insurance companies doing business in Tennessee. T.C.A. § 56–2–503. Service of process and notice on the Commissioner is permitted by T.C.A. § 56–2–504. Although this latter statute sets out a general method of such service, the specificity of T.C.A. § 29–32–106 controls the method of service of the writ of *scire facias.* Thus, it appears that service may be had on IINA by reading or offering to read the writ to the personnel in the Commissioner's office or upon the Commissioner. Tenn.R.Civ.P. 5.02.

IINA has appointed the professional bondsmen working for the local bonding companies as its attorneys-in-fact to write the bonds and, consequently, bind IINA to the *in personam* jurisdiction of the Criminal Courts of Shelby County. This power of the bondsmen carries with it the implied authority to receive subsequent notices in those bond cases. This is especially true in this case where the parties' course of dealing has also created the apparent authority of the bondsmen to receive writs. Thus, it appears that service may also be had on IINA by reading or offering to read the writ to the personnel in the bondsmen's office or upon the bondsmen. Tenn.R. Civ.P. 5.02.

■ Finally, we hold that IINA waived the issue of reissuance of the writs and relitigation of the final forfeitures and that Delta Surety is bound by that waiver. Reissuance was not a contested issue at trial. Neither party presented evidence on the matter and the Chancellor had no meaningful opportunity to rule other than as he did, *viz.,* that on the void forfeitures the clerk could reissue the writs and the final forfeiture hearing could be held 180 days after the service date.

Counsel for IINA stated at three separate times during trial that IINA's position was that the writs could reissue. For example, he asserted that:

> The bonds are still in force down there, and all we're asking for is an order invalidating what's been done and putting everybody back to square one. Let them reissue the writs and give us 180 days to find these people, and if we're unable to surrender them into custody, then we'll pay the money.

Delta Surety stands in the shoes of IINA with respect to this appeal. IINA could not raise the issue in this Court and neither can Delta Surety. *Aleshire v. Aleshire,* 642 S.W.2d 729 (Tenn.App.1982).

The judgment of the Chancellor is modified to read the "remaining fifty-three (53) cases are invalid and unenforceable" and as modified is affirmed with costs to Delta Surety and the cause remanded to the

Chancery Court for the collection of costs and any further necessary proceedings.

TODD, P.J. (M.S.), and CONNER, J., concur.