# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### November 18, 2003 Session

## IN RE: GUY JAMES BONDING[1]

**Appeal from the Circuit Court for Rutherford County**
**No. F-51633A      Don R. Ash, Judge**

---

### No. M2003-01033-CCA-R3-CD - Filed June 23, 2004

---

The appellant, Guy James Bonding, appeals the order of the Rutherford County Circuit Court denying its petition for reimbursement of a forfeited bail bond in the case of criminal defendant Valissa Granderson.  Following a review of the record and the parties' briefs, we reverse the judgment of the trial court and remand for a hearing at which the trial court shall determine to what relief, if any, the appellant is entitled.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Reversed and Remanded.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and THOMAS T. WOODALL, J., joined.

James Bryan Moseley, Nashville, Tennessee, for the appellant, Guy James Bonding.

Paul G. Summers, Attorney General and Reporter; Elizabeth T. Ryan, Assistant Attorney General; and William C. Whitesell, Jr., District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I.  Factual Background

The instant case arose from the criminal prosecution of the defendant, Valissa Granderson. On November 29, 2000, Granderson was arrested at a Wal-Mart store for the forgery of stolen

---

[1] In compliance with Rules 30(b)(2) and (d)(2) of the Tennessee Rules of Appellate Procedure, the parties have styled their pleadings before this court "State of Tennessee v. Valissa Granderson" and have simply added the name of the appellant and its status before this court.  Rule 30 of the Tennessee Rules of Appellate Procedure provides that papers addressed to this court should contain a caption setting forth the title of the case as it appeared in the trial court.  In this case, documents relating to the bail bond forfeiture proceedings were styled in accordance with the underlying criminal case.  Notwithstanding the style of the case in the trial court and because Guy James Bonding, rather than Granderson, is the appellant in these proceedings, we have styled this opinion "In re: Guy James Bonding."

checks.[2]  The following day, an appearance bond in the amount of $3,000 was posted on behalf of Granderson by the appellant, Guy James Bonding, as surety.

On December 12, 2001, Granderson failed to appear for a scheduled court hearing, and the trial court issued a writ of scire facias to be served upon Granderson and the appellant.  On December 17, 2001, the trial court issued a capias for Granderson's arrest.  The Rutherford County Sheriff's Department served the appellant with the writ of scire facias on December 18, 2001.  On January 2, 2002, the trial court entered a conditional judgment of forfeiture against Granderson and the appellant.

After the entry of the conditional judgment of forfeiture, no action was taken in this matter for approximately six months.  On June 12, 2002, the clerk of the court sent a notice to the appellant that the payment of the bond was due to the court on June 16, 2002.  Thereafter, the appellant paid the full amount of the bond.  On July 22, 2002, the trial court entered an order retiring Granderson's case and ordering that the forfeited bond "be held in escrow in the Clerk's Office for a period of thirty (30) days."  The appellant apprehended Granderson on September 29, 2002, and surrendered her to the custody of the State.  Granderson subsequently pled guilty to two counts of forgery.

On November 6, 2002, the appellant filed a "Petition to Set Aside Final Forfeit[ure] and for Relief and Remission of Forfeited Recognizance," arguing that relief was warranted under Tennessee Code Annotated section 40-11-204 because the appellant had surrendered Granderson into custody. The trial court denied the petition on January 14, 2003, finding that "the time to return [Granderson] into custody had lapsed."  On February 6, 2003, the appellant filed a motion pursuant to Rules 52.02 and 59.04 of the Tennessee Rules of Civil Procedure[3] to "Amend Findings and Alter or Amend the Judgment," asking the trial court for relief pursuant to Tennessee Code Annotated sections 40-11-201 and 40-11-203.[4]  The appellant asserted that the writ of scire facias served upon the appellant was invalid, no final forfeiture hearing was held, and no final judgment of forfeiture was entered; therefore, the appellant maintained that it was entitled to a refund of the full amount of the bond. The appellant argued in the alternative that the trial court's previous order should be amended to include additional findings of fact.  In an order dated April 10, 2003, the trial court denied the appellant's request to alter or amend its previous order but granted the request to amend the findings of fact.[5]

_____

[2]The facts relating to the arrest of Granderson were gleaned from Granderson's presentence report.

[3]The bail bond forfeiture process is a civil one governed by the Tennessee Rules of Civil Procedure.  Indemnity Ins. Co. of North America v. Blackwell, 653 S.W.2d 262, 264-65 (Tenn. Ct. App. 1983).

[4]We question whether the appellant was entitled to raise a new ground for relief pursuant to these rules.

[5]The trial court amended its findings of fact to include the following:

> 1.      A scire facias was issued on December 12, 2001, when the defendant failed to appear.  The surety was served with this scire facias on December

(continued...)

The appellant now brings this appeal. The appellant contends that the judgment of the trial court should be reversed because (1) there is no statute of limitations to prevent a surety from returning a defendant to the custody of the State and (2) a surety cannot be forced to pay a bond before a final forfeiture hearing and the entry of a final judgment of forfeiture.

## II. Analysis

The forfeiture of bail bonds is governed by Tennessee Code Annotated sections 40-11-201 through 40-11-215. Specifically, Tennessee Code Annotated section 40-11-201(a) (1997) provides that a trial court may enter a conditional judgment of forfeiture against a defendant and her sureties when the defendant fails to appear in court in accordance with a bail bond agreement. In order to notify the defendant and her sureties of the conditional judgment of forfeiture, the trial court must issue a writ of scire facias requiring the defendant and her sureties to show cause why the judgment should not become final. Tenn. Code Ann. § 40-11-202 (1997). To this end, the trial court must afford the defendant and her sureties a hearing prior to final forfeiture. In re: Paul's Bonding Co., Inc., 62 S.W.3d 187, 193 (Tenn. Crim. App. 2001) (citing Indemnity Ins. Co. of North America v. Blackwell, 653 S.W.2d 262, 264 (Tenn. Ct. App. 1983)). At this hearing, a surety or bonding company may petition the court for relief from forfeiture.

A surety may be exonerated from forfeiture by its surrender of the defendant to the court at any time before payment of the judgment of forfeiture pursuant to Tennessee Code Annotated section 40-11-203 (1997). Otherwise, the surety must seek relief pursuant to Tennessee Code Annotated section 40-11-204(a) (1997), which provides that

> the judges of the general sessions, circuit, criminal and supreme courts may receive, hear and determine the petition of any person who claims relief is merited on any recognizances [or bail bonds[6]] forfeited, and so lessen or absolutely remit the same, less a clerk's

---

[5](...continued)

18, 2001. A conditional judgment was entered on January 2, 2002, against the defendant and the surety.

2. The surety paid the full amount of the bond on July 12, 2002.

3. The defendant, Valissa S. Granderson, was arrested by the surety and surrendered to the custody of the State by the surety on the 29th day of September, 2002.

4. The defendant, Valissa S. Granderson, entered a plea agreement with the State and is currently serving her sentence.

[6]See State v. William Bret Robinson, No. E1999-00950-CCA-R3-CD, 2000 WL 1211316, at *2 (Tenn. Crim. App. at Knoxville, Aug. 28, 2000) (defining "recognizance" within the meaning of Tennessee Code Annotated section 40-11-204(a)).

commission . . . , and do all and everything therein as they shall deem just and right, and consistent with the welfare of the state, as well as the person praying such relief. This power shall extend to the relief of those against whom final judgment has been entered whether or not the judgment has been paid, as well as to the relief of those against whom proceedings are in progress.

On appeal, the appellant first contends that the judgment of the trial court should be reversed because "[t]here is no statute of limitations to prevent a surety from returning a defendant back to the custody of the [S]tate." We agree. Tennessee Code Annotated section 40-11-204 permits a trial court to grant relief from forfeiture "whether or not the judgment has been paid." The statute does not limit the time for which relief can be sought. Accordingly, we conclude that the appellant was not barred from seeking relief pursuant to Tennessee Code Annotated section 40-11-204. However, the appellant bears the burden of proving that relief should be granted. In re: Paul's Bonding Co., Inc., 62 S.W.3d at 193.

Next, the appellant contends that a surety may not be compelled to pay on a bond prior to a forfeiture hearing and the entry of a final judgment of forfeiture.[7] The State concedes that the case should be remanded, apparently concluding that the appellant is entitled to relief under Tennessee Code Annotated sections 40-11-201 and 40-11-203. We agree that the case must be remanded for a hearing; however, we do not agree with the reasoning of the appellant and the State.

This court addressed the statutory provisions pertaining to the forfeiture of bail bonds in the case of In re: Speedy Release Bail Bond, No. W2000-02260-CCA-R3-CD, 2002 WL 1549400 (Tenn. Crim. App. at Jackson, Jan. 23, 2002). Specifically, the court reviewed the avenues for relief available to a surety following forfeiture and further explained the applicability of Tennessee Code Annotated sections 40-11-201, -203, -204. In re: Speedy Release Bail Bond involved a defendant who failed to appear. In re: Speedy Release Bail Bond, 2002 WL 1549400, at *1. The trial court issued a writ of scire facias notifying the defendant's surety that "the conditional judgment [of forfeiture] would be made final unless the appellant appeared before the court within 180 days to show cause 'to the contrary.'" Id. Upon the expiration of the 180 days, the circuit court clerk sent a letter to the surety advising that unless the amount forfeited was paid within ten days, the surety's authority to issue bonds would be revoked. Id. The surety paid the forfeiture, but a final judgment of forfeiture was not entered. Id. Approximately six months later, the surety, after learning that the defendant had been incarcerated in another state, sought relief from the forfeiture. Id. The trial court found that the surety had "waited too late" and denied relief. Id. at *2. An appeal followed.

On appeal, this court concluded that the provisions of Tennessee Code Annotated section 40-11-203 do not provide relief for a surety after payment of the forfeiture. Id. at *3. However, the

[7]The State also contends that the validity of the writ of scire facias issued in the instant case must be determined on appeal. We disagree for reasons set forth in this opinion.

court explained that relief is available following entry and payment of final forfeiture by way of Tennessee Code Annotated section 40-11-204. This court explained,

> First, [Tennessee Code Annotated section] 40-11-132 (1997) provides that, "[a]t any time before the forfeiture of their undertaking, the bail bondsman or surety may surrender the defendant in their exoneration, or the defendant may personally surrender to the officer." Moreover, "[a]fter the liability of the bail bondsman or surety has become fixed by forfeiture, and before payment," a surety may obtain relief under [Tennessee Code Annotated section] 40-11-203(a) (1997) by the surrender of the defendant and the payment of all costs. Under the latter statute, the degree to which the surety is released from liability is left to the sound discretion of the trial court. Id. at (b).
>
> . . . .
>
> Finally, and importantly, [Tennessee Code Annotated section] 40-11-204(a) (1997) provides in pertinent part that, *regardless of whether* "*final judgment has been entered . . . or the judgment has been paid*," (emphasis added), the court
>
>> may receive, hear and determine the petition of any person who claims relief is merited on any recognizances forfeited, and so lessen or absolutely remit the same, less a clerk's commission . . . , and do all and everything therein as they shall deem just and right, and consistent with the welfare of the state, as well as the person praying such relief.

Id. at **2-3. The court further noted that prior to 1987, the statute did not include the language "or the judgment has been paid." Id. at *3. Therefore, relief was not historically available to the surety after payment of the forfeiture. The 1987 amendment specifically authorized relief even after "the judgment has been paid." Id.

Additionally, this court concluded that Tennessee Code Annotated section 40-11-204(a) is applicable once the forfeiture has been paid in full and is the only statute authorizing relief after "the judgment has been paid." Id. Significantly, the court stated that if payment has been made, this statute is applicable even if final judgment has not been entered. Id.

In the instant case, as in In re: Speedy Release Bail Bond, the appellant paid the forfeiture before seeking relief. Accordingly, the appellant must seek relief pursuant to Tennessee Code Annotated section 40-11-204(a).

### III.  Conclusion

In summary, we conclude that the appellant was not barred from seeking relief pursuant to Tennessee Code Annotated section 40-11-204 and was entitled to a hearing on the petition for relief. Accordingly, we reverse the judgment of the trial court and remand for a hearing at which the trial court shall determine to what relief, if any, the appellant is entitled.

_____
NORMA McGEE OGLE, JUDGE