# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### July 21, 2004 Session

## IN RE:  AB BONDING COMPANY, INC.[1]

### Direct Appeal from the Criminal Court for Davidson County
### Nos. 99-D-2608, 99-D-2942, 2002-A-43, 2002-B-619, 2002-B-1204    Seth Norman, Judge

---

### No. M2003-02813-CCA-R3-CD - Filed December 10, 2004

---

The appellant, AB Bonding Company, Inc., appeals the order of the Davidson County Criminal Court denying its "Motion to Remit Forfeitures" in the case of criminal defendant Elijah D. Truitt. Because the record fails to reflect the entry of final judgments of forfeiture, the appeal is dismissed.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal is Dismissed.

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and ROBERT W. WEDEMEYER, JJ., joined.

Mark A. Baugh and Helen F. Bean (on appeal), and David Vincent (at trial), Nashville, Tennessee, for the appellant, AB Bonding Company, Inc.

Paul G. Summers, Attorney General and Reporter; Elizabeth T. Ryan, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Dan Hamm, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I.  Factual Background

The instant case arose from the criminal prosecution of the defendant, Elijah D. Truitt. Between June 11, 1999, and November 17, 2001, the appellant, A.B. Bonding Company, Inc., underwrote five appearance bonds on Truitt's behalf, which bonds totaled $82,500.  Truitt

---

[1]In compliance with Rules 30(b)(2) and (d)(2) of the Tennessee Rules of Appellate Procedure, the parties have styled their pleadings before this court "State of Tennessee v. Elijah D. Truitt" and have simply added the name of the appellant and its status before this court.  Rule 30 of the Tennessee Rules of Appellate Procedure provides that papers addressed to this court should contain a caption setting forth the title of the case as it appeared in the trial court.  In this case, documents relating to the bail bond forfeiture proceedings were styled in accordance with the underlying criminal case.  Notwithstanding the style of the case in the trial court and because AB Bonding Company, Inc., rather than Truitt, is the appellant in these proceedings, we have styled this opinion "In re: AB Bonding Company, Inc."

subsequently failed to appear at scheduled court hearings, resulting in the forfeiture of the bonds. On March 15, 2002, the trial court issued three writs of scire facias for forfeited bonds in the amounts of $17,000, $12,500, and $30,000. The writs were served upon the appellant on March 21, 2002. On May 8, 2002, the trial court issued a writ of scire facias for a forfeited bond in the amount of $4,000. The writ was served upon the appellant on May 29, 2002. On July 17, 2002, the trial court issued a writ of scire facias for a forfeited bond in the amount of $19,000, which writ was served upon the appellant on July 18, 2002.

According to the record, no further action was taken in this case until the appellant paid the full amount of the bonds on March 18, 2003. Approximately six months later, the appellant apprehended Truitt and surrendered him into custody at the Davidson County Jail.[2] Thereafter, the appellant filed a "Motion to Remit Forfeitures," arguing that relief was warranted under Tennessee Code Annotated section 40-11-204 because the appellant had surrendered Truitt into custody. The trial court subsequently held a hearing on the appellant's motion.

At the hearing, John H. Otey, Jr.,[3] the owner of A.B. Bonding Company, Inc., testified that his employee William Garrett wrote the bonds in the instant case. Otey claimed that he did not learn of the forfeiture of the bonds until "the . . . people doing the books informed me that the balance that [the court] had . . . and the balance that I had on the books was different, I found out that there had been a forfeit [in the amount of $30,000] taken out of the . . . forfeit account that the court holds." He subsequently learned that Truitt's remaining bonds had been forfeited. Otey paid $82,500, the full amount of the bonds.

Thereafter, Otey hired bounty hunter Gregory Sanford to locate Truitt. He also offered a $5,000 reward for Truitt's capture. Otey testified that in addition to paying the full amount of the forfeiture, he also paid Sanford a ten percent bounty fee of $8,500 and $2,000 in expenses incurred in apprehending Truitt. Moreover, he still owed the $5,000 reward money.

Gregory Sanford, the bounty hunter hired to locate Truitt, testified that he owned Tennessee Recovery Group, a bail enforcement company. Sanford was contacted by William Garrett about Truitt's failure to appear. Upon investigation, Sanford learned that Truitt was a "dope addict" who "frequent[ed] the projects" in Nashville. Sanford and his partner went to the home of Truitt's parents in Nashville; however, Truitt's father refused to allow them to enter. Sanford contacted the Metro Police, who arrived thereafter and searched the house. Truitt was not found inside his parents' house.

---

[2]The record reflects discrepancies as to the date Truitt was apprehended. The owner of A.B. Bonding Company, Inc., testified at the hearing on the motion to remit forfeitures that Truitt was apprehended on August 11, 2003; however, he subsequently testified that Truitt was apprehended "sometime [in the] first part of September." The appellant's motion to remit forfeitures claims that Truitt was apprehended on September 10, 2003.

[3]The appellant notes in its brief that John H. Otey, Jr., was mistakenly referred to in the hearing transcript as "Mr. Odie."

Sanford subsequently learned that Truitt had a girlfriend in Michigan. Truitt contacted the Tennessee Bureau of Investigation (TBI), who in turn contacted the U.S. Marshall's Task Force in Flint, Michigan. The task force proceeded to the address provided by Sanford and searched the home of Truitt's girlfriend. Truitt was not there. However, Truitt's girlfriend informed them that she had recently pressed charges against Truitt for "beating her up one afternoon" and Truitt had fled to Florida. Sanford relayed this information to Otey, and the two men agreed that Sanford would go to Florida to attempt to locate Truitt.

In Florida, Sanford learned that Truitt had returned to Nashville prior to Sanford's arrival. Sanford contacted the TBI in Nashville and asked that Truitt be featured on a television news broadcast featuring wanted criminals. During the broadcast, the TBI offered a $1,000 reward for information leading to the arrest of Truitt. Several months later, an informant reported that he recalled seeing Truitt. Sanford met with the informant, who disclosed Truitt's location. Sanford and three TBI agents subsequently apprehended Truitt at the disclosed location.

At the conclusion of the testimony, the trial court took the matter under advisement. On October 21, 2003, the trial court entered an order denying the appellant's motion to remit forfeitures, finding, "[w]hile it may be held that courts retain the discretion to exonerate sureties in matters such as these, to do so in every case might open the floodgates for future activity along these lines and weaken the structure of the system which governs bond issues." However, the trial court granted remittance of $15,479.20, the amount expended by the appellant in apprehending Truitt. The appellant now appeals the trial court's denial of his motion, arguing that (1) the trial court's refusal to grant full remittance was against logic and reasoning and (2) the trial court abused its discretion by denying the motion on the basis of a purported conflict in the law regarding remittance of final forfeitures.

## II. Analysis

The forfeiture of bail bonds is governed by Tennessee Code Annotated sections 40-11-201 through 40-11-215. Specifically, Tennessee Code Annotated section 40-11-201(a) (2003) provides that a trial court may enter a conditional judgment of forfeiture against a defendant and his sureties if the defendant fails to appear in court in accordance with a bail bond agreement. Upon entry of a conditional judgment, the trial court must issue a writ of scire facias requiring the defendant and his sureties to show cause why the judgment should not become final. Tenn. Code Ann. § 40-11-202 (2003). Before entry of a final judgment of forfeiture, the trial court must afford the defendant and his sureties a hearing prior to final forfeiture. In re: Paul's Bonding Co., Inc., 62 S.W.3d 187, 193 (Tenn. Crim. App. 2001) (citing Indemnity Ins. Co. of North America v. Blackwell, 653 S.W.2d 262, 264 (Tenn. Ct. App. 1983)). Thereafter, the trial court may enter judgment against the defendant and his sureties for the amount of the bail bond and the costs of the proceedings. Tenn. Code Ann. § 40-11-139(b) (2003).

A surety may be exonerated from forfeiture by its surrender of the defendant to the court at any time before payment of the judgment of forfeiture pursuant to Tennessee Code Annotated section

40-11-203(a) (2003). However, once a forfeiture has been paid, the surety must seek relief pursuant to Tennessee Code Annotated section 40-11-204(a) (2003), which provides that a court

> may receive, hear and determine the petition of any person who claims relief is merited on any recognizances [or bail bonds[4]] forfeited, and so lessen or absolutely remit the same, less a clerk's commission . . . , and do all and everything therein as they shall deem just and right, and consistent with the welfare of the state, as well as the person praying such relief. This power shall extend to the relief of those against whom final judgment has been entered whether or not the judgment has been paid, as well as to the relief of those against whom proceedings are in progress.

See also In re: Speedy Release Bail Bond, No. W2000-02260-CCA-R3-CD, 2002 WL 1549400 (Tenn. Crim. App. at Jackson, Jan. 23, 2002).

Upon review, it is apparent that the record before this court does not include the documents necessary for appellate review on the merits. Specifically, the record does not include the conditional judgments of forfeiture, and we are unable to determine from the writs of scire facias included in the record when, or if, conditional judgments were entered.[5] The record is also devoid of evidence that the appellant was afforded a hearing prior to final forfeiture.

Most importantly, the record before this court does not include final judgments of forfeiture or other entries of monetary judgment against the appellant. The instant appeal purports to be one as of right pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure. However, Rule 3 provides for appeals as of right from final judgments. Tenn. R. App. P. 3. The order from which the appellant seeks relief denies the appellant's motion for remittance of forfeiture costs. This court has previously concluded that such an order merely denying exoneration is not equivalent to a final judgment. State v. Howard C. Covington, No. W2001-01575-CCA-R3-CD, 2002 WL 1592704, at

---

[4]See State v. William Bret Robinson, No. E1999-00950-CCA-R3-CD, 2000 WL 1211316, at *2 (Tenn. Crim. App. at Knoxville, Aug. 28, 2000) (defining "recognizance" within the meaning of Tennessee Code Annotated section 40-11-204(a)).

[5]The writs of scire facias issued in the instant case stated the following:

> To the Sheriff of Davidson County:
>
> You are hereby commanded in the name of the State to notify AB[,] Elijah D. Truitt, III, 140346 in the Criminal Sessions Court of Davidson County, for the sum of [respective bond amounts] and costs on a Forfeiture bond, in the above styled case, on the [respective dates of forfeiture] and the same will be made final unless you appear at said Court within 180 days and show cause to the contrary.

The writs failed to state whether conditional judgments of forfeiture had been entered.

-4-

*2 (Tenn. Crim. App. at Jackson, July 16, 2002).  In <u>Covington</u>, as in this case, the record did not include final judgments of forfeiture.  We are unable to review the case without such judgments before us.  Accordingly, we must dismiss the appeal.

### III.  Conclusion

Because the record fails to reflect that this case is properly before this court as a rightful appeal, the appeal is dismissed.

_____
NORMA McGEE OGLE, JUDGE