IN THE COURT OF CRIMEINAL APPEALS OF TENNESSEE
AT NASHVILLE
August 10, 2021 Session

## STATE OF TENNESSEE v. UNIVERSAL FIRE AND CASUALTY INSURANCE COMPANY ET AL.

**Appeal from the Circuit Court for Williamson County
No. I-CR180677-A  Joseph A. Woodruff, Judge**

_____

### No. M2020-00564-CCA-R3-CD

_____

Universal Fire and Casualty Insurance Company, acting as the Surety in the criminal cases of Shalisha Monique Settles ("defendant"), appeals from the judgment of the Williamson County Circuit Court ordering final forfeiture of her bond in the amount of $40,000.[1]  On appeal, the Surety argues it is entitled to relief based on its belief that the defendant was incarcerated under an alias in another state, making it "impossible" to fulfill its bond obligation.  Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and J. ROSS DYER, JJ., joined.

Cayley J. Turrin, Brentwood, Tennessee, for the Defendant-Appellant, Universal Fire and Casualty Insurance Company.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Assistant Attorney General; Ronald L. Coleman, Assistant Attorney General; Kim R. Helper, District Attorney General; and Carlin Hess, Assistant District Attorney General, for the Appellee, State of Tennessee.

---

[1] The Appellant, Universal Fire and Casualty Insurance Company, conferred power-of-attorney on bondspersons to execute bail bonds guaranteed by insurance policies issued form the company.  Leigh Canter is an employee of Ginger's Family Bonding Company.  The two parties were held jointly and severally liable for the bond, so they will collectively be referred to as the "Surety."

# OPINION

An appearance bond reflects that on August 22, 2018, the Surety initially agreed to secure the defendant's presence in the Williamson County Courts with $19,000, during the pendency of her criminal cases. The circuit court clerk also provided the defendant with two notices to appear in court on September 27, 2018, each signed by the defendant on August 21, 2018, and August 24, 2018, respectively. However, a September 11, 2018 letter from the clerk's office addressed to the defendant advised that her September 27 court date had been changed to October 29, 2018. The record includes postage noting that the September 11 letter was "not deliverable" to the Hopkinsville, Kentucky address provided by the defendant. On October 8, 2018, the Williamson County Grand Jury returned a four-count indictment charging the defendant with theft of property over 2,500 but under $10,000 (count one), evading arrest while operating a motor vehicle (count two), reckless endangerment with a deadly weapon, to wit: a motor vehicle (count three), and driving on a cancelled, suspended, or revoked license-as a non-resident (count four). Notably, in count one, the defendant was jointly charged with an individual named "Kerri Daniel Hodge."

On October 29, 2018, the defendant failed to appear in court. The trial court issued a capias for the defendant's arrest and entered a conditional judgment of forfeiture against the Surety for the $19,000 bond. The defendant was arrested on November 2, 2018, and ordered to appear in court on November 5, 2018. On November 5, 2018, the circuit court clerk received a facsimile purportedly from the defendant's mother noting that the defendant's "health problems" was the reason she did not appear in court in September and asking for mercy and a second chance. The facsimile had a doctor's handwritten notation attached concerning an unspecified "surgery" for the defendant.

Based on the same name and address previously provided by the defendant, a second appearance bond was issued on November 6, 2018. On the second bond, the Surety agreed to secure the defendant's presence during the pendency of her cases in the Williamson County Courts and agreed to pay the State of Tennessee $40,000, in the event she failed to appear. The defendant was ordered to appear in court for her arraignment on November 15, 2018. On November 15, 2018, the defendant appeared in court, was arraigned, and appointed counsel. A scheduling order was entered setting a February 2019 review date, and a March 29, 2019 plea date. An agreed order was subsequently entered on February 19, 2019, resetting the case to March 29, 2019. A second order continuing the case was entered on March 29, 2019, noting the defendant's medical appointment and proof of such having been sent to the clerk. On June 6, 2019, the trial court entered an order noting that the defendant was scheduled to appear in court on May 24, 2019, but failed to appear and forfeited her bond. In the same order, the trial court issued a conditional forfeiture and judgment in the amount of $40,000 against the Surety to be paid to the State of Tennessee.

On November 1, 2019, the Surety moved the trial court for an extension of the final forfeiture based on having retained the services of a fugitive bond enforcement agent to assist in locating the defendant, which was granted by the trial court. On February 14, 2020, the Surety filed a motion for relief from the defendant's bond, and one week later, on February 21, 2020, the trial court conducted a hearing. At the hearing, the Surety argued that the defendant failed to appear in court because she was incarcerated in Kentucky under a different name, "Kerri Danielle Hodge." The Surety believed that Hodge and the defendant were the same person because "Shalisha Settles" was listed as an alias on Hodge's Kentucky Offender Information Sheet. In further support of its position, the Surety exhibited Hodge's Kentucky Offender Information Sheet listing "Shalisha Settles" as an alias. The Surety also attempted to obtain the fingerprints of Hodge to compare to the defendant but was unsuccessful. Based on this information, the Surety contended that it was impossible to fulfill its obligation under the bond because it did not have the authority to transport the defendant from Kentucky to Tennessee. Finally, the Surety advised the trial court that Hodge had a case pending in the same Tennessee court as the defendant and hoped to confirm that she and the defendant were the same person once Hodge was brought to court in Tennessee. The State opposed the motion.

By order entered on February 24, 2020, the trial court denied the Surety's motion for relief, stating that it was unwilling to rely on the "contingency" that Hodge and the defendant were the same person. The trial court entered a judgment of final forfeiture on March 3, 2020, against the Surety. The Surety filed a timely notice of appeal, and this case is now properly before this court for review.

**ANALYSIS**

The Surety claims that the defendant was incarcerated in another state under a different name or alias. Under these circumstances, the Surety contends the trial court abused its discretion in denying its motion for relief from the defendant's bond because the defendant rendered performance of its bond obligation impossible. The Surety additionally argues it should be relieved from its bond obligation because it was not at fault for the defendant's failure to appear and based on its due diligence in attempting to locate the defendant. In response, the State contends the trial court properly exercised its broad discretion in entering the final judgment of forfeiture against the Surety for failing to fulfill its obligation under the bond. We agree with the State.

In review of this issue, we begin by acknowledging general bail bonding principles previously set forth in In re Sanford & Sons Bail Bonds, Inc., 96 S.W.3d 199 (Tenn. Crim. App. 2002):

The bail bond itself is a contract between the government on the one side and the criminal defendant and his surety on the other, whereby the surety assumes custody of the defendant and guarantees to the State either the appearance of the defendant in court or the payment of the full amount of the bail set by the court.

Id. at 202 (citing Indemnity Ins. Co. of N. Am. v. Blackwell, 653 S.W.2d 262, 264 (Tenn. Ct. App. 1983); 8 C.J.S. Bail § 4, at 12-13 (1988)). In Tennessee, however, statutes actually provide the "exclusive method of enforcing the forfeiture of a bail bond." In re Rader Bonding Co., Inc., 592 S.W.3d 852, 859 (Tenn. 2019) (abrogating prior holdings that constricted the trial court's discretion to extreme circumstances such as death or impossibility) (citing 9 David L. Raybin, Tennessee Practice: Criminal Practice & Procedure § 4:33 (2018) and State v. Gann, 164 Tenn. 601, 51 S.W.2d 490, 490 (1932) (noting "that the statutory remedy is exclusive")).

The statutory framework for bail bond forfeiture proceedings is governed by Tennessee Code Annotated Sections 40-11-201 through 40-11-215. See In re Paul's Bonding Co., Inc., 62 S.W.3d 187, 193 (Tenn. Crim. App. 2001). Specifically, Section 40-11-201(a) authorizes a trial court to enter a conditional judgment of forfeiture against a defendant and his sureties when a defendant fails to appear in court in accordance with a bail bond agreement. Upon the entry of a conditional judgment, the trial court must issue a writ of scire facias requiring the defendant and his sureties to show cause why the judgment should not become final. Tenn. Code Ann. § 40-11-202. Additionally, the trial court must afford the defendant and her sureties a hearing prior to final forfeiture. Id. (citing Indemnity Ins. Co. of North America v. Blackwell, 653 S.W.2d 262, 264 (Tenn. App. 1983)). At this hearing, a surety or bonding company may petition the court for relief from forfeiture, but the surety bears the burden of proving that its petition should be granted. Id. (citing State v. Roger Martin/Liberty Bail Bond Company, No. 02C01-9710-CR-00402, 1998 WL 414713, at *2 (Tenn. Crim. App. July 24, 1998)).

A surety may be exonerated from forfeiture by its surrender of the defendant to the court at any time before payment of the judgment of forfeiture:

[T]he bail bondsman or surety may be exonerated from the liability by the surrender of the defendant and the payment of all costs; but may be exonerated from costs also if, in the opinion of the court, the bail bondsman or surety has been in no fault . . . . It is left to the sound discretion of the court whether the bail bondsman or surety shall be relieved from the liability of bail to any and to what extent.

- 4 -

Tenn. Code Ann. § 40-11-203; State v. Yussuf, No. M2008-01161-CCA-R3-CD, 2009 WL 3672823, at *2 (Tenn. Crim. App. Nov. 5, 2009). Otherwise, as relevant here,[2] the surety may seek relief after paying the bond under Tennessee Code Annotated section 40-11-204(a), which provides as follows:

> the judges of the general sessions, circuit, criminal and supreme courts may receive, hear and determine the petition of any person who claims relief is merited on any recognizances [or bail bonds] forfeited, and so lessen or absolutely remit the same, less a clerk's commission ..., and do all and everything therein as they shall deem just and right, and consistent with the welfare of the state, as well as the person praying such relief.

Id.; In re Paul's Bonding Co., Inc., 62 S.W.3d at 193-94 (internal footnote omitted).

We have previously noted that a trial court's authority under the bail bond forfeiture statutes "is broad and comprehensive, empowering trial courts to make determinations in accordance with [their] conception of justice and right." In re Paul's Bonding Co., Inc., 62 S.W.3d at 194. Although the trial court has broad statutory discretion in determining whether to relieve a surety from its bond obligation, "trial courts ordinarily should not grant relief from forfeiture simply because a defendant fails to appear and a surety makes ordinary, good faith-but unsuccessful-efforts to locate the defendant. Indeed, the defendant's nonappearance is the very risk a surety assumes in the contract." In re Rader Bonding Co., 592 S.W.3d at 858 n.7. (citing In re Sanford & Sons Bail Bonds, Inc., 96 S.W.3d at 202 and Holly J. Joiner, Note, Private Police: Defending the Power of Professional Bail Bondsmen, 32 Ind. L. Rev. 1413, 1422 (1999)). In other words, "[w]here performance becomes impossible by contingencies which should have been foreseen and provided against in the contract but were not, performance will not be excused." In re Sanford & Sons Bail Bonds, Inc., 96 S.W.3d at 204; State v. Truitt, No. M2005-01226-CCA-R3CD, 2006 WL 2738876, at *4 (Tenn. Crim. App. Sept. 21, 2006 ("Because the surety has entered into an agreement to assure the presence of the defendant thereby assuming calculated risk in the ordinary course of business, it can rarely be said that the trial court has abused its discretion by enforcing the terms when there has been a breach of the contract.").

An appellate court's review of a trial court's decision on a request for relief from forfeiture of a bond is for an abuse of discretion. In re Rader Bonding Co., Inc., 592 S.W.3d at 858. A trial court abuses its discretion "when it applies an incorrect legal standard,

---

[2] We recognize there may be other statutory grounds within the bond forfeiture framework upon which the Surety may seek relief. However, the Surety relies solely upon section 40-11-204 in its brief, and we limit our analysis to the same.

reaches an illogical conclusion, bases its decision on a clearly erroneous assessment of the evidence, or employs reasoning that causes an injustice to the complaining party." State v. Jones, 568 S.W.3d 101, 127-28 (Tenn. 2019) (citing State v. Davis, 466 S.W.3d 49, 61 (Tenn. 2015)).

In applying the above law to the instant case, we are unable to conclude that the trial court abused its discretion in refusing to relieve the Surety of its obligations under the bond. The Surety insists that use of a false name by a defendant incarcerated in another jurisdiction renders fulfillment of a bond obligation impossible. While we can envision an impossibility under this scenario, see e.g., State v. Turner, 893 So. 2d 900, 903-04, (La. App. 3 Cir. 2004) (surety entitled to set aside forfeiture where defendant falsely identified himself to authorities at the time of his arrest, authorities did nothing to verify whether this information was correct, and surety then relied on this information in issuing its appearance bond), such is not the case here. The record shows that on the first appearance bond, the defendant provided the Surety with her name and an out of state address. The out of state mailing address provided by the defendant, however, proved to be undeliverable. When the defendant failed to appear in court and was subsequently arrested, the Surety ensured her presence in court on a second appearance bond based upon the same name and out of state address. When the defendant failed to appear in court for the May 2019 setting, the trial court forfeited her bond and issued a conditional forfeiture and judgment in the amount of $40,000 against the Surety. At the forfeiture hearing, there was no evidence concerning the preliminary investigation of the defendant by the Surety prior to posting her bond. Specifically, there was no proof of how the Surety initially confirmed the identity of the defendant or her address. Additionally, there is no question the Surety was on notice of the heightened risk of nonappearance by the defendant based on her out of state resident status, her undeliverable address, and her initial failure to appear. Although the Surety retained the services of a fugitive bond enforcement agent to assist in locating the defendant after her final nonappearance in court, the only information provided to the trial court at the forfeiture hearing was conclusory statements of defense counsel arguing that the defendant was incarcerated in another state under a different name.

The Surety also argues it should be excused from its bond obligation because it relied upon the information provided by the local jail, and the defendant provided a false name upon her arrest. However, and much more dispositive to the issue, count one of the October 2018 indictment for which the Surety twice secured the defendant's presence in court charged the defendant jointly with "Kerri Daniel Hodge." While the Surety insists that the defendant and "Hodge" are one in the same, the Surety does not address the fact that "Hodge" is listed as a codefendant, not an alias, in the defendant's indictment. The Surety also failed to provide any proof surrounding the defendant's booking and or arrest records for the instant case. Based on this record, the Surety was unsuccessful in establishing that the defendant was incarcerated in another state under the name Kerri

- 6 -

Hodge, and the trial court's refusal to grant relief based upon the "contingency" that Kerri Hodge and the defendant were the same person was not improper. Accordingly, we affirm the judgment of the trial court.

## CONCLUSION

Based on our review, we affirm the judgment of the trial court.


_____
CAMILLE R. MCMULLEN, JUDGE