D. R. Goldsby *v.* The State.*

(*Nashville.*  December Term, 1928.)

Opinion filed July 19, 1929.

T. L. CAMPBELL, for plaintiff in error.

W. F. BARRY, JR., Assistant Attorney-General, for the State.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

This is an appeal by D. R. Goldsby from a final judgment of forfeiture rendered against him as surety on an appearance bond, of which Sam Willis was principal. The penalty of the bond was $500, and the judgment thereon is for the full amount, with costs.

The conditional judgment of forfeiture was rendered by the criminal court of Shelby County in March, 1927, and was made final in September, 1927. This final judgment was wholly void in so far as Goldsby is concerned, for the reason that he had not been served with *scire*

*facias,* nor had the provisions of section 5179 of the Code of 1858 (Shannon's Code, section 7143) been complied with, so as to excuse personal service.

On December 1, 1927, *scire facias* was issued and was executed upon Goldsby on December 5, by which the plaintiff in error was directed to appear before the criminal court on the third Monday in January, 1928, and show cause why the judgment of forfeiture should not be made final.

It appears from the record by inference that the sheriff, apparently overlooking the *scire facias* last mentioned, undertook to levy an execution of the judgment of September, 1927, in the early part of 1928. The minutes of the criminal court for May 21, 1928, recite that an "injunction has been filed restraining the sheriff from further action on same." Subsequently, in June, 1928, the attorney-general moved for a final judgment.

It appears from a bill of exceptions that the plaintiff in error made his appearance in response to the *scire facias* executed upon him, filing two petitions for relief against a final judgment, one on April 27, 1928, and another on June 23, 1928.

On the date last mentioned the cause was heard upon the motion of the State for a final judgment as to the plaintiff in error, and the judgment of the trial court recites, "which motion having been heard and fully understood by the court is granted, and final judgment granted, whereupon the defendant D. R. Goldsby prayed an appeal, which appeal was granted," etc.

This final judgment is attacked for deficiency in form. It has the effect, by reference, merely of removing the condition to the execution of the original judgment of March, 1927. While it would have been better practice to incorporate in the final judgment the recitations of the

conditional judgment, it was not essential that this be done. Certainly, any deficiency in the form of the final judgment rendered by the trial court may be corrected in this court, upon affirmance, since on an appeal in the nature of a writ of error the judgment to be rendered by this court is that which the trial judge should have rendered. *Cowan* v. *State*, 117 Tenn., 247; *McCampbell* v. *State*, 116 Tenn., 98.

■ The final judgment rendered by the criminal court in September, 1927, before the plaintiff in error had been served with process, was *coram non judice* and void, and the effort of the sheriff to execute it can work no prejudice upon the rights of either the plaintiff in error or the state.

The office of the writ of *scire facias* is to give the parties to the bond "a plain and simple notice of the default and forfeiture, and the time when the sureties are to appear and show cause why judgment final should not be entered against them." *State* v. *Frankgos*, 114 Tenn., 76, 80. The *scire facias* issued in December, 1927, and executed upon the plaintiff in error fully served this purpose and office, and since the plaintiff in error entered his appearance and made defense to the merits of the State's claim for a final judgment, technical objections to the *scire facias* are now immaterial.

■ It does not appear from the bill of exceptions that the plaintiff in error offered any evidence to support the averments of his petition for relief, showing efforts made to apprehend the principal, Sam Willis; and if the averments of the petition were taken as true in the criminal court, as stated on the brief of plaintiff in error, the petition was addressed to the discretion of the judge of that court, the principal not having been produced, and the exercise of his discretion will not be reviewed unless arbitrary. *State* v. *Frankgos, supra.*

It is averred in the petition that Willis was indicted with two others, on a charge of grand larceny; that one of his codefendants was not apprehended and that a *nolle prosequi* was entered as to the other. It is illogically argued that if the State had no cause of action and no reason to hold the codefendant, it had no reason and no ground to hold Willis, and that the forfeiture should not have been ordered. That the State was convinced that the prosecution was ill founded as to one defendant has no bearing upon the merits of the prosecution against another; but even if it be conceded that Willis had a good defense to the indictment, such fact would not excuse his default and failure to appear as bound, nor would it be any excuse for the failure of his sureties to produce him.

We find no merit in the appeal, and direct that the judgment of the criminal court be affirmed.

It appears from the record that the plaintiff in error filed an appeal bond in the sum of $750, with the Aetna Casualty & Surety Company as surety thereon, conditioned that the plaintiff in error make his appearance before this court "to answer the State of Tennessee on a bill against D. R. Goldsby for bond forfeiture and abide by the sentence of the Supreme Court and the lower court."

The judgment of this court will be rendered against the plaintiff in error and his said surety for the amount of the judgment appealed from, with costs, and execution will issue from this court.