Columbia Bonding Company and Bam Webster

*v.*

State of Tennessee

476 S.W.2d 633

(*Nashville,* December Term, 1971).

Opinion filed February 7, 1972.

DAVID M. PACK, Attorney General, ROBERT H. ROBERTS, Assistant Attorney General, PRIDE TOMLINSON, JR., Maury County Attorney, Columbia, for petitioners.

JERRY C. COLLEY, McFARLAND, COLLEY, BLANK & JACK, Columbia, for respondent.

MR. JUSTICE McCANLESS delivered the opinion of the Court.

The County Criminal Court of Maury County entered a final judgment of forfeiture on a bail bond in the penalty of $500.00, given by Michael Thompson as principal and by Columbia Bonding Company and Bam Webster as sureties, to secure Thompson's appearance in the Court of General Sessions, Part II, at Mount

Pleasant on the 25th day of July, 1969, at 4 o'clock, P.M., to answer the offense of reckless driving. From this judgment the sureties perfected their appeal in the nature of a writ of error to the Court of Criminal Appeals. In an opinion by Judge Russell, in which Judge Galbreath concurred, that court adjudged the bond to be a nullity and reversed the judgment of the County Criminal Court. Judge Oliver dissented, expressing the opinion that the suit was a civil one of which the Court of Criminal Appeals had no jurisdiction. We granted certiorari.

The General Assembly, by Chapter 226 of the Public Acts of 1967, created the Court of Criminal Appeals. Section 8 of that statute, which defines the court's jurisdiction and which is codified as Section 16-448, Tennessee Code Annotated, is as follows:

"The jurisdiction of the Court of Criminal Appeals shall be appellate only and shall extend to all criminal cases, both felony and misdemeanor. The court shall likewise have jurisdiction over all cases arising under any post-conviction procedure act, involving or attacking the validity of a final conviction or judgment in a criminal case.

"Provided further, the court shall not have or take jurisdiction of any case, wherein the sole and single question for determination involves the constitutionality of a statute or municipal ordinance."

Before the establishment of the Court of Criminal Appeals in 1967 cases involving bail bonds in criminal cases were appealed directly to the Supreme Court and not to the Court of Appeals. Examples of such appeals are *Goldsby v. State,* 159 Tenn. 396, 19 S.W.2d 241 [1929], and *Wallace v. State,* 196 Tenn. 577, 269 S.W.2d 780

[1953]. In neither of these two opinions is the question of jurisdiction mentioned and the Court and counsel assumed, evidently, that the appeals should follow the procedure prescribed for appeals in criminal cases. In *Loy v. Loy*, 32 Tenn.App. 470, 222 S.W.2d 873 [1949], which dealt with the validity of a bail bond given by the defendant in a divorce suit who had been cited for contempt, the appeal was perfected to the Court of Appeals who accepted it, again without mentioning the matter of jurisdiction.

█ A proceeding to forfeit a bail bond and to pronounce judgment thereon is a statutory proceeding. Its primary purpose is to collect the amount of the penalty of the bond. Another purpose (and an important one) is to enforce the apprehension and attendance in court of the absent defendant. If we concede that such proceeding is a civil one it is, nevertheless, an adjunct to a criminal proceeding. Before 1967, as we have said, appeals in such procedings were to the Supreme Court—this because criminal appeals were to this Court. Must we now say that one effect of the language of Section 16-448, T.C.A., has been to reserve to the Supreme Court jurisdiction of appeals in criminal bail bond cases or should we hold that the jurisdiction passed to the Court of Criminal Appeals as a part of that court's jurisdiction of criminal appeals? We decide that such jurisdiction is in the Court of Criminal Appeals and that that court properly accepted jurisdiction in this case.

The sureties on the bond in question have assigned one error in the Court of Criminal Appeals:

"The Trial Judge erred in dismissing sureties petition to set aside the conditional judgment and in

entering an order making final the judgment for forfeiting the bond to the General Sessions Court, in that the bond was to the General Sessions Court and that Court only and these sureties executed no other bond to the County Criminal Court.''

We glean the following facts from the technical record:

R. D. Sanford, ''THP'', (which we construe to mean Tennessee Highway Patrol) made oath before Judge Wm. G. Hardin on July 24, 1969, ''that on the 24 day of July, 1969, the offense of Reckless Driving involved in a one car wreck, property damage (one mail box and telephone line) . . . has been committed and charges Michael R. Thompson thereof.'' Judge Hardin issued a warrant for the arrest of Michael R. Thompson for the offense described in the affidavit, and R. D. Sanford made his return on the warrant, ''Executed on the 24 day of July, 1969''.

Then in the record appears the bail bond by which Thompson undertook to ''appear at the Court of General Sessions, Part II at Mt. Pleasant, Tenn., on the 25 day of July, 1969, at 4 o'clock P.M., to answer the offense of Reckless Driving and does not depart the court without leave.'' We notice that the name of the principal appears in the body of the bond as ''Mitchell M. Thompson'' but that his name is signed to it as ''Michael R. Thompson'' and that the bond bears date of July 22, 1969, and is endorsed as having been filed on July 22, 1969. The bond also bears the endorsement, ''Approved Lawson White, Sheriff, By Baucom''.

On August 8, 1969, Judge Hardin of the Court of General Sessions entered the following order:

"Defendant failed to appear for trial. It appearing from testimony in the case that there is probable cause to believe the defendant guilty of the offense of which he stands charged, it is adjudged that he be held to answer at the next term of the Circuit Court of Maury County, Tennessee. The offense being bailable, the amount of such bail is fixed at $500.00."

The Grand Jury indicted Michael R. Thompson on August 27, 1969, and on October 1, 1969, the court entered a conditional forfeiture against him and the sureties on his bond and entered a final judgment against them on April 21, 1970.

There are errors and inconsistencies in the record: (1) according to the dates appearing in the affidavit made for the warrant for Thompson's arrest, he committed the offense of reckless driving two days after he and his sureties had given their bond to guarantee that he would appear and answer the charge, and (2) the bond's approval was by "Lawson White, Sheriff, By Baucom", neither the identify nor the authority of Baucom appearing.

So far as concerns the date we can only conclude that some one made a mistake when he wrote it. It would be less than reasonable to assume that Michael R. Thompson was able to predict two days before the event that on July 24, 1969, he would be charged with the offense of reckless driving "property damage (one mail box and telephone line)" and that he would have then the prudence and foresight to enter into bond for his appearance to answer the charge on the twenty-fifth. But the inconsistency in the dates is not fatal or material and the proceedings incident to Thompson's arrest and incident to

his making bond are not rendered invalid because of it. *Swan v. Hodges,* 40 Tenn. 251 (1859).

In *State v. McCoy,* 60 Tenn. 111 [1873], the Court said:

"There had been no examination of the case and no commitment at the time the bail-bond was given. Indeed a commitment before examination would have been in violation of a positive statute. No person can be committed to prison for any criminal matter until examination thereof be first had before some magistrate. Code, Sec. 5,017.* The *scire facias* shows on its face that the 27th of September was the day fixed for an examination of the charge and that the matter had been adjourned over until that day. There being no commitment then, the officer had no right to take bail in such a case, Code, Secs. 5,066, 5,144. He has no such power except in the cases specified by statute. The bond was therefore a nullity, and the *scire facias* was properly quashed."

■ Here the bond was taken before commitment by one Baucom who assumed to act for Sheriff White; but the Sheriff, himself, was without authority to take bail before commitment of the prisoner. Section 40-1208, T.C.A. The taking of bail in this case was irregular and void, and the Court of Criminal Appeals properly so adjudged.

■ The bond committed Thompson to appear in the Court of General Sessions on the afternoon of July 25, 1969. Forfeiture was taken because he did not appear in

---

* The three code sections cited in this quotation have been carried into our present code without substantial change as Section 40-604, 40-1119, and 40-1208, respectively.

the County Criminal Court. *Beasley v. State*, 134 Tenn. 660, 185 S.W. 687 [1915], is authority for the rule of law that the giving of bail for an appearance in one court does not bind one to appear in another court. The amendment to Section 40-1204, T.C.A., providing for the continuance of bail pending appeal is not applicable here because there was no appellate review to make that provision pertinent.

We affirm the judgment of the Court of Criminal Appeals.

DYER, CHIEF JUSTICE and CHATTIN, CRESON and HUMPHREYS, JUSTICES, concur.