# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### July 19, 2011 Session

## IN RE GARY'S BONDING COMPANY

**Appeal from the Circuit Court for Marion County**
**No. 7755      Thomas W. Graham, Judge**

**No. M2011-00430-CCA-R3-CD - Filed September 30, 2011**

A final forfeiture was entered against the Appellant, Gary's Bonding Company, in the Marion County Circuit Court ordering the complete forfeiture of the bail bond in the case of criminal defendant Judson Layne. On appeal, the Appellant contends that the trial court erred in ordering a final forfeiture and in denying its petition for exoneration. Because the notice of appeal was not timely filed in this matter, we are without jurisdiction to determine whether the trial court erred. Accordingly, the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and JOHN EVERETT WILLIAMS, JJ., joined.

H. Graham Swafford, Jr., Jasper, Tennessee, for the appellant, Gary's Bonding Company.

Robert E. Cooper, Jr., Attorney General and Reporter; Nicholas W. Spangler, Assistant Attorney General; James Michael Taylor, District Attorney General; and David Owen McGovern, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On April 23, 2006, the Appellant entered a $7,500 appearance bond on behalf of Judson Layne. Following a review of sales records from several Marion County pharmacies by local law enforcement, Mr. Layne was arrested and charged with promotion of methamphetamine manufacture along with several other defendants. On August 4, 2006, the trial court dismissed the charges against all of the defendants. The State timely filed a notice of appeal, and this court reversed the trial court's decision and remanded the case for further

proceedings. See State v. Gary Kouns et. al., No. M2006-02788-CCA-R3-CD, 2008 WL 4830793 (Tenn. Crim. App. Nov. 5, 2008), perm. appeal denied (Tenn. May 18, 2009).

When the case returned to the trial court on remand, Mr. Layne's whereabouts were unknown. The trial court entered a conditional order of forfeiture on July 6, 2009. A hearing on the final forfeiture was scheduled for January 12, 2010. However, on that date, the trial court continued the matter until March 31, 2010, in order to give the Appellant more time to secure Mr. Layne's appearance. On March 31, 2010, the matter was continued again until June 22, 2010. On that date, the trial court entered an order of final forfeiture. The Appellant then filed a petition for exoneration pursuant to Tennessee Code Annotated section 40-11-203 on July 20, 2010.

It is unclear from the record, but it appears that a hearing on the Appellant's petition for exoneration was scheduled for September 17, 2010. Mr. Layne appeared before the trial court on August 23, 2010, and pled guilty to attempted possession of drug paraphernalia on August 30, 2010. The September 17th hearing was continued to November 22, 2010. On that day, the Appellant failed to appear for the hearing, and the trial court entered an order denying the Appellant's petition for exoneration. On December 7, 2010, the Appellant filed a motion to quash the trial court's order denying its petition for exoneration. The trial court held a hearing on the matter on December 17, 2010, and filed an order denying the Appellant's motion to quash on January 11, 2011. On February 9, 2011, the Appellant filed a notice of appeal.

A bail bond forfeiture is a civil action, and the Tennessee Rules of Civil Procedure apply to the trial court proceedings. Indem. Ins. Co. of N. Am. v. Blackwell, 653 S.W.2d 262, 265 (Tenn. Ct. App. 1983). Bond forfeitures are appealed to this court despite the fact that they are civil actions.[1] Columbia Bonding Co. v. State, 476 S.W.2d 633, 634 (Tenn. 1972). Surrender of the defendant after a final forfeiture is entered, but before payment is made, allows a surety to petition the trial court to be exonerated from liability on the bond. Tenn. Code Ann. § 40-11-203(a). An appeal may be taken from the trial court's denial of a petition for exoneration. See State v. Elijah D. Truitt, No. M2005-01226-CCA-R3-CD, 2006 WL 2738876 (Tenn. Crim. App. Sept. 21, 2006); State v. Billy Ray Stout, No. 03C01-9706-CR-00228, 1998 WL 338188 (Tenn. Crim. App. June 26, 1998); 9 David Louis Raybin, Tennessee Practice: Criminal Practice and Procedure § 4:34 (2010-11); see also State v.

---

[1]Columbia Bonding Co. was decided prior to the implementation of the Tennessee Rules of Appellate Procedure. Bond forfeitures are not included in the list of actions appealable as of right to this court. Tenn. R. App. P. 3(b). However, we will not address this issue because we have determined that this court lacks jurisdiction due to the untimely notice of appeal. Furthermore, correction of this anomaly is perhaps best left to our supreme court and its rule making authority.

William Bret Robinson, No. E1999-00950-CCA-R3-CD, 2000 WL 1211316 (Tenn. Crim. App. Aug. 28, 2000) (State appeal from trial court's exoneration of a bond forfeiture).

Tennessee Rule of Appellate Procedure 4(a) requires that a notice of appeal be filed "within 30 days after the date of entry of the judgment appealed from." This requirement is jurisdictional in civil actions and may only be tolled by the filing of specific motions listed in Rule 4(b). See State v. Michael N. Allen, No. E2004-00292-CCA-R3-CD, 2004 WL 2108232, at *2 (Tenn. Crim. App. Sept. 22, 2004), perm. appeal denied (Tenn. Jan. 31, 2005) (holding that the provisions of Rule 4(a), stating that timely notice of appeal is not jurisdictional and may be waived in "all criminal cases," does not apply to the appeal of a bond forfeiture). The trial court entered its order denying the Appellant's petition for exoneration on November 22, 2010. The trial court's order served as the final judgment of the bond forfeiture proceeding. The Appellant did not file its notice of appeal until February 9, 2011. Instead, the Appellant filed a motion to quash on December 7, 2010. However, a motion to quash is not one of the motions listed in Rule 4(b); therefore, the Appellant's motion to quash did not toll the 30-day requirement for filing a notice of appeal. Accordingly, we conclude that the Appellant's notice of appeal was untimely filed, thereby barring this court's jurisdiction.

Having concluded that the notice of appeal is jurisdictional in this matter and that it was not timely filed, the appeal is dismissed.

_____
D. KELLY THOMAS, JR., JUDGE