IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
September 18, 2018 Session

## IN RE: GARY'S BONDING COMPANY

**Appeal from the Circuit Court for Marion County**
**No. 9860C    Thomas W. Graham, Judge**

_____

**No. M2018-00459-CCA-R3-CD**

_____

A final forfeiture was entered against the appellant, Gary's Bonding Company, in the Marion County Circuit Court ordering the complete forfeiture of the bail bond in the case of the criminal defendant, Johnny Cook. On appeal, the appellant contends the trial court erred in ordering a final forfeiture. Because the notice of appeal was not timely filed in this matter, we are without jurisdiction to determine whether the trial court erred. Accordingly, the appeal is dismissed.

**Tenn. R. App. 3 Appeal as of Right; Appeal Dismissed**

J. ROSS DYER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J. and TIMOTHY L. EASTER, J., joined.

H. Graham Swafford, Jr., Jasper, Tennessee, for the appellant, Gary's Bonding Company.

Herbert H. Slatery III, Attorney General and Reporter; M. Todd Ridley, Assistant Attorney General; Mike Taylor, District Attorney General; and Sherry Shelton, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Facts and Procedural History

As a result of his arrest for theft of property, the General Sessions Court for Marion County released Defendant Johnny Cook on a $15,000 appearance bond, which the appellant, Gary's Bonding Company, signed as the surety. However, on September 27, 2016, Mr. Cook failed to appear for his trial. As a result, the trial court entered an order of conditional forfeiture. A hearing on the final forfeiture was scheduled for April 25, 2017. Upon request of the appellant, the trial court continued the matter until May

22, 2017, in order to give the appellant more time to secure Mr. Cook's presence. On May 22, 2017, the appellant had failed to locate and secure Mr. Cook. Therefore, the trial court entered an order of final forfeiture on that date. The appellant did not appeal the trial court's order.

Eight months later, on January 17, 2018, the appellant filed a motion requesting the trial court set aside the final forfeiture, claiming Mr. Cook was incarcerated in Georgia. After hearing argument, the trial court entered an order on February 26, 2018, denying the appellant's motion to reconsider. The appellant filed its notice of appeal to this Court on March 12, 2018.

## Analysis

On appeal, the appellant appears to argue that he is entitled to relief from the bond forfeiture because Mr. Cook is incarcerated in another state and, therefore, not deliverable. The State contends the appellant failed to offer any proof in support of its defense and, more importantly, this Court is without jurisdiction to determine the matter because the appellant's notice of appeal was untimely. Upon review of the record, we agree with the State.

A bail bond forfeiture is a civil action, and the Tennessee Rules of Civil Procedure apply to the trial court proceedings. *Indem. Ins. Co. of N. Am. v. Blackwell,* 653 S.W.2d 262, 265 (Tenn. Ct. App. 1983). Bond forfeitures, however, are appealed to this Court despite the fact that they are civil actions. *Columbia Bonding Co. v. State,* 476 S.W.2d 633, 634 (Tenn. 1972).

Tennessee Rule of Appellate Procedure 4(a) requires that a notice of appeal be filed "within 30 days after the date of entry of the judgment appealed from." This requirement is jurisdictional in civil actions and may only be tolled by the filing of specific motions listed in Rule 4(b). *See State v. Michael N. Allen*, No. E2004-00292-CCA-R3-CD, 2004 WL 2108232, at *2 (Tenn. Crim. App. Sept. 22, 2004), *perm. app. denied* (Tenn. Jan. 31, 2005) (holding that the provisions of Rule 4(a), stating that timely notice of appeal is not jurisdictional and may be waived in "all criminal cases," does not apply to the appeal of a bond forfeiture).

Here, the trial court entered its order of final forfeiture on May 22, 2017. The appellant, however, did not file a notice of appeal until March 12, 2018. While the appellant filed a motion to set aside the final forfeiture on January 17, 2018, that motion was not filed within 30 days of the final forfeiture order and, therefore, did not toll the 30-day requirement for filing a notice of appeal. Accordingly, we conclude the appellant's notice of appeal was untimely filed, thereby barring this Court's jurisdiction.

## Conclusion

Having concluded that the notice of appeal is jurisdictional in this matter and that it was not timely filed, the appeal is dismissed.

_____
J. ROSS DYER, JUDGE